# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE GENE EVANS,**
        **Plaintiff,**

    v.                                          Case No. 07-C-631

**MATTHEW J. FRANK, et al.,**
        **Defendants.**

## DECISION AND ORDER

Plaintiff Eddie Gene Evans, who is incarcerated at Waupun Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983 along with a motion for leave to proceed in forma pauperis. In addition, the plaintiff has filed a motion to amend the complaint and a motion for the appointment of counsel. The plaintiff has been assessed and paid an initial partial filing fee of $1.13. See 28 U.S.C. § 1915(b)(1).

## I. MOTION TO AMEND THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

On August 6, 2007, the plaintiff filed a motion to amend the complaint in order to include additional claims against a number of new defendants.[1] Rule 15(a) of the Federal

---

[1] One of the "additional defendants" listed in his motion is Matthew J. Frank who was already named in the original complaint.

Rules of Civil Procedure states that a party may amend a pleading once as a matter of course any time before a responsive pleading is served. However, if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed. Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993). Although the plaintiff's amended complaint was filed before any responsive pleading, he seeks to add additional defendants and therefore, leave of the court is required to amend.

Leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15(a) "evinces a bias in favor of granting leave to amend" and unless there is a substantial reason to deny leave to amend, "the discretion of the district court is not broad enough to permit denial." Select Creations, Inc. v. Paliafito America, Inc., 830 F. Supp. 1213, 1216 (E.D. Wis. 1993). Nonetheless, the court should not allow the plaintiff to amend his complaint when to do so would be futile. Moore, 999 F.2d at 1128.

A responsive pleading has not yet been served in this case and the original complaint has not yet been screened. Thus, at this stage of the proceedings, the court cannot say that amending the complaint would be futile or that other substantial reasons exists to deny leave to amend. Thus, the plaintiff's motion to amend his complaint will be granted. However, the

2

proposed amended pleading filed with the plaintiff's motion does not comply with the requirement of Civil Local Rule 15.1 that "[a]ny amendment to a pleading, whether filed as a matter of course or on motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading be reference."

While the plaintiff did not expressly withdraw his original pleading, his proposed amended complaint included only the new medical indifference claims under the Eighth Amendment against the new defendants. Thus, it is unclear whether the plaintiff still wishes to proceed on the claim presented in his original complaint challenging a parole detainer issued by the state of Louisiana based on a lack of due process at the Wisconsin hearing held pursuant to the Interstate Compact for Adult Offender Supervision. Moreover, the legal merits of this claim are in doubt in view of this court's recent ruling in the plaintiff's previously pending habeas corpus action that "[t]he Constitution permitted Louisiana to issue a parole warrant and detainer without any hearing. As such, Louisiana has thus far given petitioner more process than was due by having Wisconsin hold a probable cause hearing." Evans v. Wisconsin Department of Probation and Parole, et al., Case No. 07-C-351 (E.D. Wis. Aug. 14, 2007) (internal citations omitted).[2] The plaintiff's habeas action appears to challenge his current confinement on the same grounds as those advanced in his original complaint in the present case. Thus, the claims advanced in the original complaint may also be barred under Heck v. Humphrey, 512 U.S. 477, 487 (1994) (prohibits a plaintiff from pursuing an action under §1983 if a judgment by the court would necessarily imply the

---

[2]The plaintiff has filed a notice of appeal from the judgment entered in this case dismissing his habeas petition.

3

Case 2:07-cv-00631-LA   Filed 09/06/07   Page 3 of 5   Document 6

invalidity of a previous criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal writ of habeas corpus).

As a result, the plaintiff will be directed to file an amended pleading incorporating all of the claims he wishes to pursue, no later than October 1, 2007. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is advised that the amended complaint supercedes the prior complaints and the amended complaint must be complete in itself without reference to the prior complaints. Accordingly, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Ed. Of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Once filed, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A. In the event that the plaintiff fails to file an amended complaint, the court will screen the original pleading filed with the court on July 9, 2007.

## II. MOTION TO APPOINT COUNSEL

The plaintiff asks the court to appoint counsel in this case because "the issues are too complicated and varied for the pro se plaintiff to handle; the defendants are from various jurisdictions; and the applicable laws are too complicated for pro se plaintiff to handle." (Mot. for the Appointment of Counsel at 1.) Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address whether, given the difficulty of the case, the plaintiff appears to be

competent to try the case him or herself and, if not, whether the presence of counsel is likely to make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

The plaintiff has not provided the court with any information establishing that he has made any efforts to obtain counsel or that such efforts were unsuccessful. To meet his threshold burden, plaintiff must provide the court with the names and addresses of counsel he has contacted. Accordingly, because he has not met his threshold burden, the plaintiff's motion for the appointment of counsel will be denied without prejudice.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend the pleadings (Docket #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint on or before **October 1, 2007**, as set forth herein.

**IT IS FURTHER ORDERED** that the plaintiff's motion for the appointment of counsel (Docket #3) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 6 day of September, 2007.

/s_____
LYNN ADELMAN
District Judge