# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE GENE EVANS,**
        **Plaintiff,**

    v.                                                                                      Case No. 07-C-631

**MATTHEW J. FRANK, et al.,**
        **Defendants.**

## DECISION AND ORDER

Plaintiff Eddie Gene Evans, who is incarcerated at Waupun Correctional Institution (WCI), lodged a pro se civil rights complaint under 42 U.S.C. § 1983 along with a motion for leave to proceed in forma pauperis. On September 6, 2007, I granted plaintiff's motion to amend the complaint and directed plaintiff to file his amended pleading by October 1, 2007. I advised plaintiff that if he failed to file an amended complaint, I would screen the original pleading as required by 28 U.S.C. § 1915A. Subsequently, I extended the deadline to October 22, 2007. To date, plaintiff has failed to file an amended complaint. Thus, I will address plaintiff's request to proceed in forma pauperis and screen the original pleading.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month

period immediately preceding the filing of the complaint. In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner was assessed an initial partial filing fee of $1.13, and on July 19, 2007, he paid the initial partial filing fee.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b); § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I should, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for a plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations

2

contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, I should dismiss the complaint "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## I. PLAINTIFF'S COMPLAINT

Plaintiff's complaint challenges the constitutionality of a Wisconsin preliminary hearing held as a result of the issuance of a Louisiana parole violation warrant. He lists the following defendants in the caption of the complaint: Matthew Frank, John Doe Director of the Wisconsin Probation and Parole Department, Marilyn Zurbuchen, Tim Carpenter, Angela Doskocil, David Knoll, David Schwarz, Dorothea Watson, John Richard Fiske, Officer Jason Freedman, Wal-Mart Stores, Inc., William Rankin, Eugenie Powers, Gregg Smith, and John Doe Chairman of Louisiana Board of Parole.[1] I am familiar with the allegations of plaintiff's

---

[1] In addition, plaintiff lists the Dane County Police Department Sheriff, Wisconsin Department of Corrections and the State Public Defender's Office as other defendants in the body of the complaint. (Compl. at 2.) The complaint, which is misnumbered, is 18 pages long. In the interest of simplicity, I will refer to the complaint as it is numbered in the Electronic Case Filing system, with the first page of the complaint being page number 1 and the last page of the complaint being page number 18.

3

complaint as he has unsuccessfully pursued a petition for a writ of habeas corpus based on the same factual allegations. See Evans v. Wisconsin Department of Probation and Parole, et al., Case No. 07-C-351 (E.D. Wis.). I will recite the allegations as plaintiff has in the present petition.

In 2003, after 20 years in Louisiana prison, plaintiff was released subject to conditions and moved to Wisconsin where he was supervised by Wisconsin officials under the provisions of the Interstate Compact for Adult Offender Supervision. Not long after he arrived in Wisconsin, plaintiff purchased a B.B. gun from a Wal-Mart store, unaware that a B.B. gun constituted a firearm prohibited by Wisconsin parole rules. On April 1, 2003, plaintiff pointed the gun at his neighbor's dog and was arrested for disorderly conduct and carrying a concealed weapon. He spent three days in the Dane County Jail pursuant to a parole hold. On April 4, 2003, the hold was dropped and plaintiff was released and given a warning. On April 30, plaintiff was arrested and charged with serious crimes including armed robbery. As a result, Wisconsin's Department of Probation and Parole held a preliminary revocation hearing, which plaintiff says was tardy and lacked basic due process protections, and ultimately "ordered Evans returned to Louisiana for final disposition." (Compl. at 8-9.) Approximately one year later, plaintiff pleaded no contest to the Wisconsin armed robbery charge and he was found guilty of that crime. Presently, plaintiff is serving his Wisconsin sentence. When he completes that sentence, he will be subject to a Louisiana detainer for the parole violation preliminarily adjudicated in Wisconsin.

Plaintiff alleges that he was denied due process at the preliminary hearing held in Wisconsin pursuant to the interstate compact. He contends that the hearing was a sham and that he was denied notice of the allegations underlying the parole violation charges, the

4

assistance of counsel at his hearing and a speedy preliminary hearing.[2] He further maintains that his physical disabilities (hearing loss and optical nerve damage) prevented him from appreciating what was happening at the hearing and that the hearing officer lacked probable cause to support its revocation of plaintiff's parole.

## II. DUE PROCESS CLAIM

The United States Supreme Court has held that the "conditional freedom of a parolee generated by statute is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated absent appropriate due process safeguards." Moody v. Daggett, 429 U.S. 78, 85 (1976) (citing Morrissey v. Brewer, 408 U.S. 471 (1972)). However, the court has also held that a prisoner being detained for another crime need not receive a preliminary parole hearing at all and need not receive a speedy final hearing, given that the parole warrant does not affect his interest in liberty. Id. at 86. In other words, a parolee only has a right to a speedy preliminary hearing once he is placed in custody pursuant to the parole violation. See Moody, 429 U.S. at 87 (stating that "execution of the warrant and custody under that warrant" is the "operative event triggering any loss of liberty attendant upon parole revocation").

It is clear from plaintiff's complaint and the attached documents that the hearing of which he complains was a preliminary revocation hearing that was not required by the Constitution, just as this was clear from the filings in plaintiff's habeas case. Plaintiff has not yet experienced any loss of liberty as a result of parole revocation. After plaintiff is released

---

[2] Plaintiff's claim that he did not receive a preliminary hearing until June 25, 2003, is construed by the court as one alleging that his right to a speedy preliminary hearing was violated.

5

from Wisconsin custody, he will be turned over to Louisiana, at which time Louisiana may or may not conduct a final revocation hearing. And plaintiff may or may not challenge that state's determination at that time. For present purposes though, it is clear that the Constitution does not require Louisiana (or Wisconsin, acting in Louisiana's stead) to give plaintiff any preliminary hearing until he is placed in custody for the parole violation, which will not occur until plaintiff is released from Wisconsin custody. As such, taking the allegations of plaintiff's complaint as true, the Wisconsin defendants did not deprive plaintiff of due process. As I noted in my order dismissing plaintiff's mirror habeas petition, the hearing afforded plaintiff more process than was due. Evans, Case No. 07-C-351 (Decision and Order of Dismissal) (E.D. Wis. Aug. 14, 2007).

Plaintiff also alleges that the pending Louisiana detainer warrant prevented him from receiving pretrial bail, prison treatment programs and early release programs. However, not every state action having adverse consequences for prison inmates implicates a due process right. Moody, 429 U.S. at 88. The Supreme Court has held that there are no due process protections required upon the discretionary determinations involving prisoner classification and eligibility for rehabilitative programs. Id. (rejecting similar claim by parolee that pending detainer and warrant adversely affected his prison classification and qualification for institutional programs). Further, even accepting plaintiff's contention that he was denied the opportunity for pretrial bail because of the detainer or warrant, the Eighth Amendment does not create an absolute constitutional right to release on bail. Sacco v. Hedrick, 134 F.3d 374, 1998 WL 4735 (7th Cir. Dec. 17, 1997) (unpublished) (citing Faheem-El v. Klincar, 841 F.2d 712, 719 (7th Cir. 1998); Doyle v. Elsea, 658 F.2d 512, 516 n.6 (7th Cir. 1981)).

6

Thus, it is plain that plaintiff has not stated any due process claim against Wisconsin officials upon which relief could be granted.

### III. FALSE IMPRISONMENT AND FALSE ARREST CLAIMS

I read plaintiff's complaint as alleging that his April 1, 2003, arrest for disorderly conduct stemming from the B.B. gun incident was unlawful because plaintiff was unaware that a B.B. gun constituted a firearm under Wisconsin prison rules and regulations. Unlawful search and arrest claims implicate the Fourth Amendment which protects individuals from unreasonable searches and seizures. See Beck v. Ohio, 379 U.S. 89, 91 (1964); Haywood v. City of Chicago, 378 F.3d 714 (7th Cir. 2004). False imprisonment claims are also cognizable under the Fourth Amendment. See Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir. 1989). However, the existence of probable cause is an absolute bar to a claim for unlawful search, unlawful arrest or false imprisonment under § 1983. Morfin v. City of East Chicago, 349 F.3d 989, 997 (7th Cir. 2003); Fernandez v. Perez, 937 F.2d 368, 370 (7th Cir. 1991); Schertz, 875 F.2d at 582.

The problem with plaintiff's claim is that he admits to purchasing and possessing the B.B. gun, acknowledges that under Wisconsin parole guidelines the B.B. gun was a firearm, and states that he waived the gun around or pointed it at his neighbor's dog. Hence, it is clear that probable cause existed for plaintiff's arrest and detention. That he was unaware that the B.B. gun constituted a prohibited firearm does not destroy the existence of probable cause, nor is his ignorance a valid defense to the charges. See Bryan v. United States, 524 U.S. 184, 194 (1998) (ignorance of law generally no defense to criminal charges except in cases involving highly technical statutes presenting a danger of ensnaring individuals

7

engaged in apparently innocent conduct). Accordingly, any unlawful search and arrest or false imprisonment claim that plaintiff intended to raise will also be dismissed.

## IV. CLAIM AGAINST WAL-MART STORES, INC.

The complaint also attempts to pursue a due process claim against Wal-Mart Stores, Inc. for its sale of the B.B. gun to Evans and its failure to inform Evans that it would violate parole rules. Section 1983 claims apply only to persons acting under color of state law. Gomez, 446 U.S. at 640. A private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right. Proffitt v. Ridgeway, 279 F.3d 503, 507 (7th Cir. 2002); see also Burrell v. City of Mattoon, 378 F.3d 642 (7th Cir. 2004). However, even liberally construed, the complaint contains no allegations suggesting that the Wal-Mart clerk conspired with any public official to deprive plaintiff of a constitutional right. Therefore, plaintiff's claim against Wal-Mart Stores, Inc. also fails.

## V. CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.87 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 26 day of November, 2007.

/s
LYNN ADELMAN
District Judge